﻿Citation Nr: 19158978
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 18-13 694
DATE: July 30, 2019

REMANDED

Entitlement to service connection for a left shoulder disorder.

REASONS FOR REMAND

At his March 2019 hearing, the Veteran testified that he injured his left shoulder during the same accident that resulted in his service-connected back and left hip disabilities. Service treatment records reveal that in December 1968, he fell 15 to 18 feet from a helicopter and suffered injury to his back, neck, left hip, and right ankle. However, no injury to his left shoulder was documented at the time of the incident or in subsequent service treatment records. Physical examinations performed in October 1969 and at separation in November 1970 document no complaint, treatment, or diagnosis of a left shoulder disorder. Nonetheless, the Veteran’s testimony as to the in-service events and injury are consistent with his circumstances of service.

Lay statements and testimony from the Veteran and his wife reflect that the left shoulder had been symptomatic since service, but he had not pursued treatment because his back and left hip symptoms were more severe and required more attention. While there is no evidence of treatment for the left shoulder until approximately 35 years after service, there is also no evidence of treatment for other medical issues, including his service-connected disabilities. This fact lends credence to the Veteran’s assertions that the lack of treatment for his left shoulder disability was because he was generally not inclined to go to the doctor and felt the symptoms did not warrant treatment. 

Finally, the left shoulder X-rays of record show severe arthritis of the AC joint and signs of a previous dislocation, which also suggests that the Veteran may have suffered an injury to the left shoulder many years before the symptoms reached a severity he determined needed treatment. Considering these circumstances, the Board determines that a VA examination to assess the etiology of his left shoulder disability is necessary. 

The matter is REMANDED for the following actions:

1. Undertake appropriate development to obtain any outstanding records pertinent to the Veteran’s claim. 

2. Schedule the Veteran for an examination to determine the etiology of his left shoulder disorder. All pertinent evidence of record must be made available to and reviewed by the examiner, and any indicated tests and studies should be performed.

Based on review of the record and examination of the Veteran, the examiner should state a medical opinion with respect to any left shoulder disorder present during the period of the claim as to whether it is at least as likely as not (i.e., whether there is a 50 percent or better probability) that the disorder was a result of his fall from a helicopter in service or is otherwise caused by service. 

The rationale for each opinion expressed must also be provided. If the examiner is unable to provide any required opinion, he or she should explain why. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation as to why this is so. 

If the inability to provide a more definitive opinion is the result of a need for additional information, the examiner should identify the additional information that is needed.

3. Readjudicate the issues on appeal. If the benefit sought on appeal is not granted to his satisfaction, a supplemental statement of the case should be issued to the Veteran and his representative, and they should be afforded the requisite opportunity to respond. Thereafter, the case should be returned to the Board for further appellate action. 

 

L. HOWELL

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD K. M. Schaefer, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.